UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 5:22 CR 254 |
| | ) | |
| Petitioner, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | |
| SARIENA DAVIS, | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| Respondent. | ) | |

This matter comes before the Court upon Defendant, Sariena Davis' Motion for Reconsideration. (ECF #32). Ms. Davis' motion asks this Court to reconsider her sentence pursuant to 18 U.S.C. §3742(e), taking into consideration her purported post-conviction rehabilitation. The motion is DENIED.

"Sentence modifications are the exception not the rule." *United States v. Hunter*, 12 F.4th 555, 561 (6th Cir. 2021). "'[A] judgment of conviction that includes a sentence [of imprisonment] constitutes a final judgment' and may not be modified by a district court except in limited circumstances." *Id.*, (quoting *Dillon v. United States*, 560 U.S. 817, 824 (2010)(alteration in the original)). No such circumstances exist in this case. Ms. Davis' prior motion for sentence reduction pursuant to 18 U.S.C. §3582 was dismissed for failure to exhaust administrative remedies. (ECF #31). Her current request for application of 18 U.S.C. §3742 is equally deficient. Section 3742 provides defendants the right to seek review of a final sentence by the Court of Appeals. It does not grant any authority for a trial court to reconsider or

otherwise alter a sentence that has already been imposed. Further, Ms. Davis specifically waived her right to appeal under 18 U.S.C. §3742 as part of her written plea agreement. (ECF #21, PageID 43). For these reasons, Defendant's Motion for Reconsideration is DENIED. (ECF #32).

_____
DONALD C. NUGENT
United States District Judge

DATED: August 22, 2023